

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Perry Farhat, Assistant U.S. Attorney*  970 Broad Street, Suite 700   Direct Dial: (973) 645-2746
  Newark, New Jersey 07102

June 16, 2020

**VIA ECF**

The Honorable Joseph A. Dickson
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:   *United States v. Herman Christopher Jensen*, Mag. No. 20-8112 (JAD)

Dear Judge Dickson:

    The Government, with consent of defense counsel, John Feggeler, Esq., respectfully submits this letter request to extend the time to hold a preliminary hearing in the above-referenced case pursuant to Federal Rules of Criminal Procedure 5.1(d).

    On or about May 6, 2020, defendant Herman Christopher Jensen ("Jensen" or "defendant") appeared before this Court and was charged via criminal complaint with one count of receiving child pornography in violation of Title 18, United States Code, Sections 2252(a)(2)(A) and 2252A(b)(1). On May 18, 2020, the Government provided a courtesy pre-indictment discovery package to Mr. Feggeler, Jensen's counsel, in part, to show that the Government had sufficient evidence necessary to move forward with the case against his client, and to address Mr. Feggeler's concern with respect to waiving a preliminary hearing. On May 21, 2020, the Court granted the parties request for an adjournment of the preliminary hearing to provide defense counsel time to review the pre-indictment discovery.

    Understandably, defense counsel has made a request to review evidence outside the pre-indictment discovery, including, IP data, audio clips and the CP images and videos in question (which can only be viewed at an FBI facility). Due, in part, to COVID-19, and the resulting staggered schedules of FBI personnel, the Government has only been able to accommodate this request recently. The parties have agreed to meet on July 10, 2020, so that defense counsel can review the evidence in question, prior to making a decision of whether to waive Jensen's right to a preliminary hearing. Thus, the parties join in together in a request for a 45 day

adjournment of the preliminary hearing, so that defense counsel can review the evidence, discuss that evidence with his client, and review a potential plea offer.

Pursuant to Rule 5.1(c), "[t]he magistrate judge must hold the preliminary hearing within a reasonable time . . . after the initial appearance . . . no later than 21 days if [defendant is] not in custody." Rule 5.1(d) states that "[w]ith the defendant's consent and upon a showing of good cause . . . a magistrate judge may extend the time limits in Rule 5.1(c) one or more times."

The Government submits that such circumstances are present here. Providing a 45-day adjournment of the preliminary hearing allows defense counsel an opportunity to review evidence he has not yet had the opportunity to view and to discuss that evidence with his client. It also affords the parties an opportunity to schedule subsequent meetings if required.

Therefore, the Government, with consent from defense counsel, respectfully requests the Court to extend time under Rule 5.1(c) and adjourn the preliminary hearing for a period of approximately 45-days, or to August 27, 2020.

Please find attached a proposed order for the Court's consideration and convenience.

Respectfully submitted,

CRAIG CARPENITO
UNITED STATES ATTORNEY

By: _____
Perry Farhat
Assistant United States Attorney

Dated: June 16, 2020

cc:   John Feggeler, Counsel for Defendant (via email)

2