

**U.S. Department of Justice**

United States Attorney
District of New Jersey

---

*Peny Farhat*  
*Assistant United States Attorney*

970 Broad Street, Suite 700  
Newark, NJ 07102  
Peny.Farhat@sdoj.gov

main: (973) 645-2700  
direct: (973) 297-2044  
fax: (973) 297-2010

---

January 12, 2021

**RECEIVED**
APR 1 4 2021
AT 8:30_____M
WILLIAM T. WALSH
CLERK

<u>Via E-Mail</u>

John C. Feggeler Esq.  
Law Office of John C. Feggeler, LLC  
177 Main Street  
Matawan, New Jersey 07747

      Re:   <u>Plea Agreement with Herman Christopher Jensen</u>

Cr. 21-297 (PGS)

Dear Mr. Feggeler:

      This letter sets forth the full and complete plea agreement (the "Agreement") between your client, Herman Christopher Jensen ("Jensen"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **January 20, 2021** if it is not accepted in writing by that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Jensen to a one-count Information, which charges a violation of 18 U.S.C. § 2252A(a)(2)(A). If Jensen enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of the Agreement, this Office will not initiate any further criminal charges against Jensen for knowingly receiving and/or possessing material containing child pornography prior to the date of this agreement. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Jensen agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this Agreement is signed by Jensen may be commenced against him, notwithstanding the expiration of the limitations period after Jensen signs the Agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(2)(A) to which Jensen agrees to plead guilty carries a statutory minimum prison sentence of 5 years, a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that Jensen has a prior conviction under Chapter 110, Section 1591; Chapters 71, 109A, or 117; or Section 920 of Title 10 of the United States Code, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual contact involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(2)(A) to which Jensen agrees to plead guilty instead carries a mandatory minimum prison sentence of 15 years and a statutory maximum prison sentence of 40 years.

The sentence to be imposed upon Jensen is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by sentencing judge, or as to what sentence Jensen ultimately will receive.

Further, in addition to imposing any other penalty on Jensen, the sentencing judge: (1) will order Jensen to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) will order Jensen to pay an additional special assessment of $5,000, if Jensen is not deemed to be indigent, pursuant to 18 U.S.C. § 3014(a)(3); (3) must order Jensen to pay restitution pursuant to 18 U.S.C. § 2259; (4) must order forfeiture pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583(k), must require Jensen to serve a term of supervised release of not less than 5 years and

up to a maximum of life, which will begin at the expiration of any term of imprisonment imposed

## Violations of Supervised Release

Should Jensen, while on supervised release, violate any of the conditions of supervised release, Jensen may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of any statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

However, pursuant to 18 U.S.C. § 3583(k), should Jensen be found, while on supervised release and in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of Chapter 109A, 110, or 117, or Section 1201 or 1591, of the United States Code, for which imprisonment for a term longer than one (1) year can be imposed, Jensen must be sentenced to a term of imprisonment of at least 5 years and up to a maximum of life, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this Agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Jensen by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this Agreement; and (2) the full nature and extent of Jensen's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Jensen agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this Agreement. This agreement to stipulate, however, cannot and does not bind

the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this Agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Jensen from any other portion of this Agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Jensen waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Jensen agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States any and all property that constitutes either: (1) a visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, pursuant to 18 U.S.C. § 2253(a)(1); or (2) any property, real or personal, used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. § 2252A, pursuant to 18 U.S.C. § 2253(a)(3) (collectively, the "Specific Assets").

All right, title, and interest in the Specific Assets, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date on which Jensen enters his plea of guilty pursuant to this Agreement.

Jensen further agrees to waive all interest in the Specific Assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Jensen agrees to consent to the entry of orders of forfeiture for the Specific Assets and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Jensen understands that the forfeiture of the Specific Assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Jensen hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Jensen consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in all telephone and computer equipment, accessories, and storage media recovered at the time of his arrest on February 6, 2019 (collectively, the "Recovered Devices"). Jensen waives all challenges of any kind to the forfeiture and abandonment of the Recovered Devices by federal, state, and/or local law enforcement. Jensen further waives any additional notice requirement in connection with the forfeiture and abandonment of the Recovered Devices and consents to the destruction of the Recovered Devices at the discretion of federal, state, and/or local law enforcement.

Immigration Consequences

Jensen understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Jensen understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Jensen wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Jensen understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Jensen waives any and all

challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Registration Consequences

Jensen understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Jensen wants and agrees to plead guilty to the charged offense regardless of any registration consequences of this plea. Jensen understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Jensen waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

Jensen has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Jensen resides; where he is an employee; and where he is a student. Jensen understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Jensen further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Jensen has been advised and understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1)$250,000, (2)twice the gross amount

of any pecuniary gain that any persons derived from the offense, or *(3)*twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This Agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this Agreement to the attention of other prosecuting offices, if requested to do so.

This Agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Jensen. This Agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Jensen.

No provision of this Agreement shall preclude Jensen from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Jensen received constitutionally ineffective assistance of counsel.

*[Remainder of page intentionally left blank]*

No Other Promises

This Agreement constitutes the plea agreement between Jensen and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: PERRY FARHAT
Assistant U.S. Attorney

APPROVED:

DARA AQUILA GOVAN
Chief, Government Fraud Unit

I have received this letter from my attorney, John C. Feggeler, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, immigration, and registration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____   Date: 1-15-2021
Herman Christopher Jensen

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, forfeiture, immigration, and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____   Date: 1-15-2021
John C. Feggeler, Esq.
Counsel for Defendant

<u>Plea Agreement With Herman Christopher Jensen</u>
<u>Schedule A</u>

  1. The United States Attorney's Office for the District of New Jersey ("this Office") and Herman Christopher Jensen ("Jensen") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Jensen nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Jensen within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Jensen further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

  2. The version of the United States Sentencing Guidelines effective November 1, 2018, applies in this case.

  3. The applicable guideline is U.S.S.G. § 2G2.2(a)(2). This guideline carries a Base Offense Level of 22.

  4. Jensen's conduct was limited to the receipt and solicitation of material involving the sexual exploitation of a minor, and Jensen did not intend to traffic in, or distribute, such material. Therefore, a downward adjustment of 2 levels is appropriate. See U.S.S.G. § 2G2.2(b)(1).

  5. The material involved includes images of prepubescent minors or minors who had not attained the age of 12 years. Therefore, an upward adjustment of 2 is appropriate. See U.S.S.G. § 2G2.2(b)(2)

  6. The offense involved a pattern of activity involving the sexual abuse or exploitation of a minor. Therefore, an upward adjustment of 5 levels is appropriate. See U.S.S.G. § 2G2.2(b)(5).

  7. The offense involved at least 150 images, but fewer than 300. Therefore, an upward adjustment of 3 levels is appropriate. See U.S.S.G. § 2G2.2(b)(7)(A).

  8. As of the date of this letter, Jensen has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Jensen's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Jensen has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Jensen's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Jensen enters a plea pursuant to this Agreement, (b) this Office in its discretion determines that Jensen's acceptance of responsibility has continued through the date of sentencing and Jensen therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Jensen's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Jensen is 27 (the "Agreed Total Guidelines Offense Level").

11. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the Agreed Total Guidelines Offense Level is reasonable.

12. Jensen knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the Agreed Total Guidelines Offense Level of 27. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the Agreed Total Guidelines Offense Level of 27. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

13. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.